IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN HENNING and CHRISTINA : No. 3:17cv1996
HENNING, :
        Plaintiffs : (Judge Munley)
        :
  v. :
        :
TUCKER, ALBIN & ASSOCIATES, :
INC. and JAMES WHITE, :
        Defendants :
............................................................................................................

**MEMORANDUM**

Before the court is a motion for summary judgment filed by Defendant Tucker, Albin & Associates, Inc. in this Fair Debt Credit Practices Act case. The motion has been fully briefed and is ripe for disposition.

**Background**

Plaintiffs Stephen Henning and Christina Henning own a family dairy farm in Mehoopany, Pennsylvania, which they operate under the name Henningstead Holsteins. (Doc. 17, Def. Stmt. of Mat. Facts (hereinafter "SOF") ¶ 9). Plaintiffs obtained goods and services related to the farm's production of milk from a company called DeLaval Dairy. (Id. ¶ 8). At some point in time, plaintiffs did not pay for certain services and products that they obtained from DeLaval Dairy. (Id. ¶ 12).

As a result of plaintiffs' failure to pay, plaintiffs' account with DeLaval Dairy was referred to Tucker, Albin & Associates, Inc., for collection on the debt owed. (Id. ¶ 12). Tucker, Albin & Associates, Inc., thereafter attempted to collect the money owed on the plaintiff's account. (Id. ¶ 13).

On October 2, 2017, plaintiffs filed the instant complaint against Tucker, Albin & Associates, Inc., (hereinafter "Defendant Tucker"), and James White, a representative of Defendant Tucker, alleging violations of the Fair Debt Credit Practices Act (hereinafter "FDCPA"). The plaintiffs contend that Defendant White, acting as an agent Defendant Tucker, harassed, intimidated, and insulted the plaintiffs in an attempt to collect the debt in violation of the FDCPA. The defendant removed the matter, which was originally filed in the Court of Common Pleas of Wyoming County, Pennsylvania, to federal court on October 31, 2017. (Doc. 1). After the close of discovery, Defendant Tucker filed the instant motion for summary judgment, bringing the case to its current posture.

**Jurisdiction**

Because this case is brought pursuant to the FDCPA, 15 U.S.C. §§ 1692, et seq., the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(C)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the evidentiary materials of record, if reduced to

3

admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial. Id. at 324.

**Discussion**

As noted above, the plaintiff brings suit pursuant to the FDCPA, which Congress enacted to address "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect **consumers** against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). "Consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). To eliminate abusive practices against consumers, the FDCPA prohibits certain actions by debt collectors. If a debt collector fails to comply with the FDCPA, the consumer may bring a civil action and obtain any actual damages that person has sustained and such additional damages as allowed by the court, but not exceeding $1,000. 15

4

U.S.C. § 1692k. A successful consumer may also be awarded the costs of the action and a reasonable attorney's fee. Id.

Here, the parties agree that Defendant Tucker is a debt collector under the Act, and that the defendant engaged in debt collection activities. The sole issue contested, and the basis for the defendant's motion for summary judgment, is whether the plaintiffs' debt underlying the FDCPA claim is a consumer debt or a commercial debt. The parties agree that if the debt is a commercial debt, the FDCPA does not apply.

Defendant Tucker contends that the plaintiffs' debt is a commercial debt because the debt at issue arose from products and services obtained for the purposes of plaintiffs' family farm. The farm generates income for the plaintiffs. Thus, according to the defendant, plaintiffs' claim falls outside the confines of the FDCPA. After careful consideration, we agree with the defendant.

Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Thus, the FDCPA is inapplicable to the collection of commercial or business debts. See Staub v. Harris, 626 F.2d 275, 278 (3d Cir. 1980).

In Conklin v. Purcell, Krug & Haller, 2007 WL 404047 at *24 n.5 (M.D. Pa. February 1, 2007), aff'd, 282 F. App'x 193 (3d Cir. 2008), a case heavily relied upon by the defendant, the court granted the defendants' motion to dismiss plaintiff's FDCPA claim on the grounds that the defendants were not debt collectors as defined by the statute. The court found it relevant to address, however, that had the claim not failed on this element, the claim would have failed on another element—the debt at issue was not a consumer debt under the FDCPA. (Id.) The plaintiff in Conklin, whose debt related to property loans, referred to his property on certain occasions as a "farm" and certain occasions as a "private residence." (Id.) The court noted that to the extent plaintiff utilized his property for business or commercial purposes, and to the extent the mortgage debt was issued for such purposes, plaintiff's claims relating to the defendants' debt collection activities would fall outside the ambit of the FDCPA. (Id.)

Similarly, the plaintiffs here argue that because they reside on their family farm, the farm constitutes their household, which is protected by the FDCPA. We agree with the court in Conklin that such characterization is not necessarily sufficient to maintain a FDCPA claim. Instead, we must look at the origin of the debt issued. Here, the parties agree that the defendant's debt collection activities derived from a debt owed to DeLaval Dairy Service. The plaintiffs admit that the services and products which they obtained from DeLaval Dairy Service were

6

used in connection with plaintiffs' farm, Henningstead Holsteins. (Doc. 17, Ex. D, Pl.'s Resp. to Def.'s Req. for Admiss. ¶ 3). The plaintiffs further admit that they operate Henningstead Holsteins for the purpose of earning income and generating a profit. (Id. ¶¶ 6, 7). Based on these facts, and the limited record before us at this critical stage in the proceedings, we find that plaintiffs' debt was issued for business purposes. Thus, Defendant Tucker's debt collection activities fall outside the scope of the FDCPA.

### Conclusion

Accordingly, we will grant Defendant Tucker's motion for summary judgment.[1] An appropriate order follows.

**BY THE COURT:**

**Date: September 25, 2018**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**

---

[1] A review of the docket reveals no indication of whether Defendant James White has been served with a copy of the complaint. As the time for such service has passed, Defendant James White will be dismissed from this matter for failure to prosecute.